FILED
2025 Nov-19  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DENDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: 5:25-CV-00614-HDM |
| | ) | |
| CITY OF GUNTERSVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT DEFENDANT
## CITY OF GUNTERSVILLE, ALABAMA

For its answer to the complaint of plaintiff Michael Dendy ("Dendy"), defendant City of Guntersville, Alabama ("City") states:

## **INTRODUCTION**

1.      The allegations contained in paragraph 1 of the complaint are not allegations of fact for which responsive pleading is required, but instead are merely descriptive of the nature of Dendy's claims against the City. To the extent that Dendy alleges in paragraph 1 that the City has any liability in this case, such allegations are denied.

2-3.    In response to the allegations contained in paragraphs 2 and 3 of the complaint, the City specifically admits, upon information and belief only, that Dendy is a homebuilder and has built homes within the City through his company Dendy Investment Group, LLC ("DIG"), including within River Pointe

subdivision. The City specifically admits that, upon information and belief, River Pointe residents objected to certain activities of DIG. Except as expressly admitted, the City denies each and every remaining allegation contained in paragraphs 2 and 3 as stated.

## JURISDICTION AND VENUE

4-6.    In response to paragraphs 4 through 6, inclusive, of the complaint, the City does not contest the Court's subject matter jurisdiction and venue in this case. The City denies that Dendy is entitled to the requested relief or any relief whatsoever.

## PARTIES

7.    In response to the allegations contained in paragraph 7 of the complaint, the City specifically admits, upon information and belief only, that Dendy is an adult above the age of 19 and that he resides in Marshall County, Alabama. Except as expressly admitted, the City denies each and every remaining allegation contained in paragraph 7.

8.    In response to the allegations contained in paragraph 8 of the complaint, the City specifically admits, upon information and belief only, that Dendy is the owner of DIG, which is located in Marshall County, Alabama. Except

as expressly admitted, the City denies each and every remaining allegation contained in paragraph 8.

9.    In response to the allegations contained in paragraph 9 of the complaint, the City specifically admits that it is a municipality located in Marshall County, Alabama. The City specifically admits that it has ordinances and regulations for business licenses in place. These ordinances and regulations speak for themselves and are the best evidence of their contents. Except as expressly admitted, the City denies each and every remaining allegation contained in paragraph 9.

## **BACKGROUND**

### I.    **Michael Dendy buys the properties at issue.**

10.    In response to the allegations contained in paragraph 10 of the complaint, the City specifically admits, upon information and belief only, that Dendy and DIG have built, sold, and leased houses in Alabama, including within the City and Marshall County, Alabama. Except as expressly admitted, the City is without sufficient information to admit or deny the remaining allegations contained in paragraph 10. Accordingly, the City must deny such allegations.

11-13.       The City is without sufficient information to admit or deny the allegations contained in paragraphs 11 through 13, inclusive, of the complaint. Accordingly, the City must deny such allegations.

## II.    Residents begin opposing Mr. Dendy's property developments.

14.      The City is without sufficient information to admit or deny the allegations contained in paragraph 14 of the complaint. Accordingly, the City must deny such allegations.

15.      The City is without sufficient information to admit or deny the allegations contained in paragraph 15 of the complaint. Accordingly, the City must deny such allegations.

16.      The City is without sufficient information to admit or deny the allegations contained in paragraph 16 of the complaint. Accordingly, the City must deny such allegations.

## III.    The City begins targeting Mr. Dendy.

17-27.       The City denies each and every allegation contained in paragraphs 17 through 27, inclusive, of the complaint as stated.

## CAUSES OF ACTION
### COUNT I: Violation of the Federal Due
### Process Clause of the Fourteenth Amendment.

28.      In response to paragraph 28 of the complaint, the City incorporates by

reference its previous responses in paragraphs 1 through 27, inclusive, as if fully stated here.

29-30.    The allegations contained in paragraphs 29 and 30 of the complaint constitute legal conclusions to which no response is required. To the extent a response is required, the City denies same.

31.    The City denies each and every allegation contained in paragraph 31 of the complaint.

32.    In response to paragraph 32 of the complaint, the City denies Dendy is entitled to the requested relief or any relief whatsoever.

**COUNT II: Violation of the State Due Process Clause.**

33.    In response to paragraph 33 of the complaint, the City incorporates by reference its previous responses in paragraphs 1 through 27, inclusive, as if fully stated here.

34-35.    The allegations contained in paragraphs 34 and 35 of the complaint constitute legal conclusions to which no response is required. To the extent a response is required, the City denies same.

36.    The City denies each and every allegation contained in paragraph 36 of the complaint.

37.     In response to paragraph 37 of the complaint, the City denies Dendy is entitled to the requested relief or any relief whatsoever.

**COUNT III: Violation of the Federal Equal Protection Clause.**

38.     In response to paragraph 38 of the complaint, the City incorporates by reference its previous responses in paragraphs 1 through 27, inclusive, as if fully stated here.

39.     The allegations contained in paragraph 39 of the complaint constitute a legal conclusion to which no response is required. To the extent a response is required, the City denies same.

40.     The City denies each and every allegation contained in paragraph 40 of the complaint.

41.     In response to paragraph 41 of the complaint, the City denies Dendy is entitled to the requested relief or any relief whatsoever.

**<u>REQUEST FOR RELIEF</u>**

1-4.     In response to paragraphs 1 through 4, inclusive, of Dendy's request for relief of the complaint, the City denies Dendy is entitled to the requested relief or any relief whatsoever.

## ADDITIONAL DEFENSES

### First Affirmative Defense

Some or all of Dendy's claims fail to state a claim against the City upon which relief can be granted.

### Second Affirmative Defense

Dendy is not entitled to any judgment against the City, and is not entitled to recover any damages, interest, costs, attorney's fees, or any other relief whatsoever from the City.

### Third Affirmative Defense

To the extent Dendy has suffered any legally cognizable damages or injuries, such damages or injuries were caused by, and are the responsibility of, individuals and/or entities other than the City.

### Fourth Affirmative Defense

All of the City's actions or omissions with respect to the matters at issue in this case were reasonable, necessary, legally protected, and justified under the circumstances. Therefore, the City has no liability to Dendy.

### Fifth Affirmative Defense

The City is immune from any liability to Dendy.

### Sixth Affirmative Defense

Some or all of Dendy's claims are barred, in whole or in part, because he has failed to mitigate, avoid, or otherwise reduce his damages or injuries, if any.

### Seventh Affirmative Defense

Some or all of Dendy's claims are barred because the City acted in good faith, with due care and without malice, and in conformity with all applicable rules, regulations, constitutional provisions, decisional authorities, procedures, statutes, and statutory interpretations.

### Eighth Affirmative Defense

Some or all of Dendy's claims alleged in the complaint are moot, unripe, or otherwise non-justiciable.

### Ninth Affirmative Defense

Some or all of Dendy's claims may be barred, precluded, or are otherwise premature if and to the extent he has failed to exhaust his administrative remedies and/or has failed to pursue available state-law procedures.

### Tenth Affirmative Defense

Dendy has no maintainable claim under 42 U.S.C. § 1983 predicated upon any alleged violation of Fourteenth Amendment to the United States Constitution.

### Eleventh Affirmative Defense

Dendy has no maintainable claim under 42 U.S.C. § 1983 based upon any alleged "due process" violation of the Fourteenth Amendment to the United States Constitution.

### Twelfth Affirmative Defense

Dendy has no maintainable claim under 42 U.S.C. § 1983 based upon any alleged "equal protection" violation of the Fourteenth Amendment to the United States Constitution.

### Thirteenth Affirmative Defense

Dendy has no maintainable claim based upon any alleged "due process" violation under Article 1, § 6, of the Alabama Constitution of 1901.

### Fourteenth Affirmative Defense

To the extent claims are asserted against City officials or actions requiring discretion, the City is entitled to immunity.

### Fifteenth Affirmative Defense

The City's actions complied with all constitutional requirements for notice, opportunity to be heard, and impartial decision-making.

### Sixteenth Affirmative Defense

None of the City's actions were arbitrary or capricious.

### Seventeenth Affirmative Defense

To the extent Dendy suffered any injury, such injury was caused by Dendy's own actions, not by the City.

### Eighteenth Affirmative Defense

An essential nexus exists between the City's legitimate governmental interests at issue in this case and the revocation of Dendy's business license.

### Nineteenth Affirmative Defense

Any distinctions in treatment are rationally related to legitimate municipal objectives, thus defeating Dendy's equal-protection claim.

### Twentieth Affirmative Defense

Any enforcement actions taken were within the City's statutory authority and pursuant to neutral, uniformly applied ordinances.

### Twenty-first Affirmative Defense

Dendy's own conduct, including construction without permits and violations of applicable ordinances, bars or limits relief.

### Twenty-second Affirmative Defense

All actions taken were performed in good faith based on the information available to the City at the time.

### Twenty-third Affirmative Defense

Dendy cannot demonstrate the essential elements of his claims, including irreparable harm, to entitle him to the requested injunctive relief.

### Twenty-fourth Affirmative Defense

The City reserves the right to assert additional defenses as this case and discovery develops.

_S/C. Gregory Burgess_
C. Gregory Burgess (ASB-1519-R79C)
Stephanie Margaret Hall (ASB-1050-F67A)

**Attorneys for defendant City of Guntersville, Alabama**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: cgb@lanierford.com
          smh@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

STUART M. MAPLES
**THOMPSON BURTON PLLC**
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Telephone: (256) 489-9779
Email: smaples@thompsonburton.com

*S/C. Gregory Burgess*
C. Gregory Burgess